UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ARTHUR ANDERSON, *et al.*,

    Plaintiffs,

v.

CITY OF NEW BRUNSWICK, THROUGH
ITS POLICE DEPARTMENT, *et al.*,

    Defendants.

Civil Action No. 12-2502 (MAS) (TJB)

**MEMORANDUM OPINION**

This matter comes before the Court on non-party Steven Middleton's ("Middleton") appeal (ECF No. 102) from Magistrate Judge Bongiovanni's ("Magistrate Judge" or "Judge Bongiovanni") Order dated June 2, 2017 (ECF No. 96). Defendants City of New Brunswick, Mayor James M. Cahill, City Administrator Thomas A. Loughlin III, Director Anthony Caputo, and Captain William Milligan (collectively "Defendants") filed opposition (ECF Nos. 108, 110) and Middleton replied (ECF Nos. 111, 112). The Court has carefully considered the submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, and other good cause shown, Middleton's appeal is denied and the decision of the Magistrate Judge is affirmed.

**I.   Background and Procedural History[1]**

Plaintiffs in this matter ("Anderson Litigation") are three Patrol Officers at the New Brunswick Police Department alleging failure to promote based on political patronage. (Compl. ¶ 1, ECF No. 1-2.) Plaintiffs filed a Complaint in the Superior Court of New Jersey on March 6,

---

[1] The facts are not in dispute and are recited here to the length necessary for this appeal.

2012 and Defendants removed the case to Federal Court on April 26, 2012.² (ECF No. 1.) Approximately a year after this action was removed, on April 9, 2013, Plaintiffs amended their Complaint to add additional defendants, including Middleton (ECF Nos. 15, 16, 17), but Middleton was dismissed from the lawsuit through a Consent Order on April 29, 2014 (ECF No. 41). Approximately two years after Middleton was dismissed as a defendant in the Anderson Litigation, he voluntarily provided the Anderson Litigation Plaintiffs with an Affidavit supporting their claims. (*See* June 2, 2016 Letter Order 3 n.1, ECF No. 96.) As a result, Plaintiffs amended their interrogatory answers to include Steven Middleton as an individual with relevant knowledge of Plaintiffs' claims and Defendants sought to depose Middleton. (*See* May 10, 2017 Correspondence from Susan K. O'Connor, Esq. ("O'Connor") to Judge Bongiovanni Ex. 1, ECF No. 88; June 2, 2017 Letter Order 3.) On February 17, 2017, O'Connor, an attorney at Hoagland, Longo, Moran, Dunst & Doukas, LLP ("Hoagland Firm"), as counsel for three Defendants in the Anderson Litigation,³ subpoenaed Middleton's deposition for March 30, 2017.⁴ The correspondence copied

---

² Around the same time, on February 29, 2012, Middleton, who previously worked as a police officer with the New Brunswick Police Department, filed a lawsuit in the Superior Court of New Jersey, Middlesex County, captioned *Steven Middleton v. City of New Brunswick, New Brunswick Police Department, Mayor James Cahill, Peter J. Mangarella (In Their Individual and Official Capacities), and John Does 1-10*, Docket No. L-1414-12, alleging racial discrimination and hostile work environment in violation of the New Jersey Law Against Discrimination ("Middleton State Court Action"). (*See* Certification of Counsel in Supp. of Appeal ("Burke Appeal Cert.") ¶ 2, ECF No. 102-1; Defs.' New Brunswick, Mayor Cahill, and Administrator's ("City Defendants") Opp'n Br. 1; Defs.' Caputo and Milligan Opp'n Br., Certification of Danielle Abouzeid, Esq. ("Abouzeid Cert.") Ex. 3, ECF No. 110.)

³ Ms. O'Connor represents the City of New Brunswick, Mayor James M. Cahill, and City Administrator Thomas A. Loughlin, III.

⁴ The Hoagland Firm previously represented Middleton, the City of New Brunswick, the New Brunswick Police Department, and another police officer in a lawsuit filed in 2010 by an individual named Miguel Otero ("Otero Matter"), alleging illegal search and seizure and excessive use of force. (*See Otero v. City of New Brunswick, et.al.*, Civil Action No. 10-4502, Compl., ECF No. 1.) In the Otero Matter, Middleton was represented jointly with the other defendants and also

2

Middleton's attorney, Donald F. Burke ("Burke").[5] (*See* May 10, 2017 Correspondence from O'Connor to Judge Bongiovanni Ex. 5.) Burke did not object to Middleton's deposition, but the deposition was adjourned due to Burke's unavailability on the scheduled date. (*See* June 2, 2017 Letter Order 3.) Due to ongoing discovery issues in this matter, Judge Bongiovanni was overseeing the parties' scheduling of depositions. (*Id.* at 5.) On May 1, 2017, the parties notified Judge Bongiovanni that they intended to depose Middleton on May 12, 2017. (May 1, 2017 Correspondence from O'Connor to Judge Bongiovanni, ECF No. 81.) On May 2, 2017, Middleton was served with a subpoena for his deposition to occur on May 12, 2017. (May 10, 2017 Correspondence from O'Connor to Judge Bongiovanni Ex. 3.) A copy of the subpoena was sent to his attorney. (*Id.*) On May 4, 2017, Judge Bongiovanni entered an Order requiring that the deposition go forward on May 12, 2017. (May 4, 2017 Order, ECF No. 85.) The Order was forwarded to Middleton and his attorney. (May 10, 2017 Correspondence from O'Connor to Judge Bongiovanni Ex. 4.)

On May 9, 2017, five days after the Order was entered and three days before the deposition was scheduled, Burke emailed Judge Bongiovanni an emergent request to vacate the May 4, 2017 Order. (June 2 Letter Order 2 Ex.1.) The request was based on: (1) Middleton's alleged lack of notice or opportunity to be heard; (2) arguments for disqualification of O'Connor as counsel due to the Hoagland Firm's prior representation of Middleton in the Otero Matter; and (3) a concern

---

separately by another attorney that represented only Middleton. (*See Otero v. City of New Brunswick, et al.*, Civil Action No. 10-4502, ECF No. 5.)

[5] Plaintiff was also represented in certain proceedings before Judge Bongiovanni by Donald F. Burke, Jr. ("Burke, Jr.").

3

that the deposition would be improperly used to obtain information relevant to the Middleton State Court Action.[6]

Despite the fact that Middleton did not raise any objection to the deposition between the time that O'Connor served the original subpoena in February 2017 and the May 9, 2017 "emergent" motion to vacate, Judge Bongiovanni agreed to hear argument on Middleton's motion. (June 2, 2017 Letter Order 3-4.) Judge Bongiovanni scheduled a telephonic oral argument to begin half an hour before the ordered deposition and indicated that the parties should call her from the location of the deposition. (June 2, 2017 Letter Order 4-5.) During the argument, Burke, Jr. insisted that a conflict of interest existed under the Rules of Professional Conduct ("R.P.C.") 1.9(a) because Ms. O'Connor works at the Hoagland Firm, which represented Middleton and the other Otero defendants in the Otero Matter. (Redacted Tr. of May 12, 2017 Proceedings ("May 12, 2017 Tr.") 8:15-24, ECF No. 98.) He argued that O'Connor should be disqualified from participating in the deposition of Middleton and that the deposition should not occur until Middleton receives and reviews the Otero file.[7] (*Id.* 15:18-24, 34:4-8.) After hearing the parties' arguments on this issue, Judge Bongiovanni determined that: (1) O'Connor was not disqualified from participating in the deposition, but was ordered to submit a certification regarding her non-involvement in the Otero matter; (2) the deposition should go forward to preserve relevant testimony, but the deposition would be marked attorneys' eyes only; (3) Middleton's attorneys could pursue the conflicts issue after the deposition; and (4) she would be available for any issues that might arise

---

[6] The Hoagland Firm is not involved in the Middleton State Court Action. Other attorneys involved in the Anderson Litigation, however, are or were involved in the Middleton State Court Action. (*See* Burke Appeal Cert. ¶¶ 7, 20; Caputo and Milligan Opp'n Br. 2-4.)

[7] Burke had been attempting unsuccessfully to obtain the Otero file in connection with discovery in the Middleton matter since at least December 2016. (June 2, 2017 Letter Order 3).

during the course of the deposition regarding potentially improper questioning. (June 2, 2017 Letter Order 6-9.)

At the end of Judge Bongiovanni's decision, however, Burke, Jr. informed the Court for the first time that neither he (or anyone from the firm) nor Middleton were present at the location of the deposition and Middleton was unavailable. (June 2, 2017 Letter Order 9-10.) This was a direct violation of the Court's explicit order that the parties be prepared to proceed after the telephonic argument. (*Id.* at 9-11.) As a result, the parties were forced to cancel the deposition. Judge Bongiovanni then revised her telephonic decision based on Middleton's absence. (May 12, 2017 Tr. 40:13-41:23.) Middleton's deposition was tentatively rescheduled for May 30, 2017 and the Court decided to "hold in abeyance [its] decision regarding the conflict of interest" pending further briefing. (*Id.* at 40:16-17.) Specifically, Judge Bongiovanni ordered counsel for Middleton to submit a letter brief by May 19, 2017 addressing R.P.C. 1.9(a) and: (1) how the Otero Matter and the Anderson Litigation are "substantially similar"; and (2) how the interests of Defendants in the Anderson Litigation are "materially adverse" to the interests of Middleton, a non-party to the Anderson Litigation. (*Id.* at 33:20-22, 40:18-24, 43:13-23, 46:10-12, 49:6-11.) Burke, Jr. repeatedly insisted that he could not adequately brief the conflicts issue without first obtaining the Otero file. (*Id.* at 42:2-5.) Judge Bongiovanni, therefore, instructed Burke, Jr. to brief the cases that support Middleton's position that a complete analysis of the Rule 1.9(a) issue cannot be adequately addressed without a review of the Otero file. (*Id.* at 43:6-24, 44:23-46:9; May 12, 2017 Letter Order, ECF No. 93.)

Despite counsel's persistence as to the importance of the conflict issue during the telephonic proceedings, Middleton did not submit the ordered briefing. (June 2, 2017 Letter Order 15-16.) Instead, on May 20, 2017, after the Court-ordered deadline passed, Middleton submitted

5

a "Certification of Non-Party Steven Middleton in Support of Motion to Quash Subpoena." (*Id.* at 16; City Defs.' Opp'n Br. Ex. 6 (hereinafter "Middleton Cert.").) The submission did not comply with the Court's Order. The certification explains why Middleton believes the Otero file is related to the Middleton State Court Action. (Middleton Cert. ¶¶ 3-22.) The certification also alleges that the Anderson Litigation is substantially related to the Otero matter because both cases involve alleged civil rights violations. (*Id.* ¶¶ 23, 25.) The certification, however, does not provide any substance beyond Middleton's conclusions that the matters are related and does not address the legal issue of how R.P.C. 1.9(a) is implicated. While Middleton claims that he is "uncomfortable" being deposed by an attorney from his former law firm, he admits that he is seeking review of the file to determine if there are records of communications about allegations of racial discrimination with the City of New Brunswick (the subject of the Middleton State Court Action). (*Id.* ¶¶ 26-27.)

On June 2, 2017, Judge Bongiovanni issued a Letter Order finding that Middleton did not meet his burden of establishing that Middleton required access to the Otero files to adequately address the RPC 1.9 disqualification issue or that O'Connor should be disqualified as counsel. (June 2, 2017 Letter Order 16.) The Court found, therefore, that O'Connor was permitted to actively take part in Middleton's deposition and ordered the deposition to go forward. (*Id.* at 20.)

O'Connor's subsequent attempts to schedule Middleton's deposition were ignored. (City Defs.' Opp'n Br. 6.) The Court again intervened and ordered Middleton's attorney to respond to O'Connor and schedule Middleton's deposition. (June 12, 2017 Letter Order, ECF No. 101.) In response, Middleton's attorney informed the Court that Middleton was considering appealing the June 2, 2017 decision. (June 12, 2017 Letter Order Ex. 3, ECF No. 101.) Judge Bongiovanni entered an Order requiring that any appeal be filed by June 16, 2017. (June 12, 2017 Letter Order 3.) On June 16, 2017, Middleton filed this appeal and a request for a stay of the deposition. Judge

Bongiovanni granted Middleton's request for a stay pending resolution of this appeal. (July 18, 2017 Letter Order 3, ECF No. 113.) Middleton has not been deposed.

## II. Middleton's Position

Middleton's appeal papers consist of a short certification of counsel and a three-page legal brief. Middleton argues that: (1) it is improper for Middleton's deposition to be taken without review of the Otero file; (2) there are "issues" with the involvement of Ms. O'Connor; and (3) it would be unfair to use his deposition in connection with the Middleton State Court Action. (Burke Appeal Cert. ¶ 8, 9-13, 22.) The accompanying three-page brief asserts, without reference to any case citation, that the deposition cannot go forward without a protective order to guard Middleton against questions pertaining to the Middleton State Court Action, the Otero file is necessary to determine if there is a conflict of interest, and that Middleton would have to miss work and compensate his attorney to attend the deposition, which creates an undue burden on Middleton. (Middleton Br. in Supp. of Appeal 2-3, ECF No. 102-3.)

On reply, Middleton's counsel submitted another certification emphasizing that Middleton believes that he is entitled to access the Otero file. He also alleges that the Order compelling Middleton's deposition was entered without proper notice to Middleton. (Certification of Counsel in Reply to Opp'n ("Burke Reply Cert.") ¶¶ 3-10, 20-22, ECF No. 112-1.)

## III. Opposition

Opposition was filed by the City Defendants (ECF No. 108) and Defendants Anthony Caputo and William Milligan (ECF No. 110). The City Defendants argue that Middleton's submissions fail to articulate a legitimate basis for reversing the Letter Order, as they do not identify any reason that the decision is clearly erroneous or contrary to law. (City Defs.' Opp'n Br. 7-8.) The City Defendants also argue that Middleton cannot establish that his deposition is

an "undue burden" (*Id.* at 9-10) and emphasize that Middleton voluntarily interjected himself into this case (*Id.* at 12-14). The City Defendants further argue that Judge Bongiovanni adequately addressed Middleton's concerns about improper questioning or use of the deposition (*id.* at 11), and, in any event, the other attorneys involved in the Anderson Litigation are no longer involved in the Middleton State Court Action (*id.* at 12). Finally, the City Defendants argue that Middleton has not met his burden of establishing that O'Connor should be disqualified under Rule 1.9(a) or that production of the Otero file is necessary. (*Id.* at 15-17.) According to the City Defendants, Middleton has not established that the Otero Matter and Anderson Litigation are "substantially similar" and the relevant interests are "materially adverse," nor has he set forth what pertinent evidence might exist in the Otero file. (*Id.* at 15-16.)

Defendants Caputo and Milligan also submitted an opposition brief. These Defendants incorporated and relied on many of the same arguments as the City Defendants. In addition, Caputo and Milligan point out several inconsistencies in Middleton's submissions and contend that many of his allegations are misleading. (Caputo and Milligan Opp'n Br. 6-9.) For example, these Defendants argue that the status of the Middleton State Court Action was misrepresented by Middleton because there are no longer any defense attorneys involved in both the Anderson Litigation and the Middleton State Court Action and the Middleton trial is indefinitely adjourned. (*Id.* at 2-4.) Similarly, despite Middleton's allegation that he was never consulted about the Otero settlement, which contradicts his own deposition testimony in the State Court Action, Middleton was not even a settling defendant in Otero—he was voluntarily dismissed when the City settled the claims. (*Id.* at 5-7.) These Defendants assert that Middleton has failed to satisfy his burden and the appeal should be dismissed. (*Id.* at 9; City Defs.' Opp'n Br. 17.)

IV. **Discussion**

Appeals from non-dispositive decisions of a magistrate judge are governed by 28 U.S.C. § 636(b) and Local Civil Rule 72.1(c). The district court reviews the order to determine if the ruling was clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1); *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162, 164 (D.N.J. 1998) (citing 28 U.S.C. § 636(b)(1)(A)). "A finding is clearly erroneous only 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). For a magistrate judge's decision to be contrary to law, the Court must find that the magistrate judge misapplied or misinterpreted the applicable law. *Gunter*, 32 F. Supp. 2d at 164.

The party appealing the decision has the burden of establishing that a magistrate's ruling is clearly erroneous or contrary to law. *Travelers Indemn. Co. v. Dammann & Co.*, 592 F. Supp. 2d 752, 758-59 (D.N.J. 2008), *aff'd*, 594 F.3d 238 (3d Cir. 2010). A magistrate judge's ruling "is entitled to great deference." *Kresefsky v. Panasonic Commc'ns Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996). Moreover, a magistrate judge's ruling "should not be rejected even if a reviewing court could have decided the issue differently." *Costa v. Cty. of Burlington*, 584 F. Supp. 2d 681, 684 (D.N.J. 2008) (quoting *Toth v. Alice Pearl, Inc.*, 158 F.R.D. 47, 50 (D.N.J. 1994)).

Here, the Court finds that Middleton has not met his burden of establishing that the June 2, 2017 Order was clearly erroneous or contrary to law.

1. **Disqualification Pursuant to R.P.C. 1.9(a)**

Nothing on the record establishes that Judge Bongiovanni erred in refusing to disqualify Ms. O'Connor from participating in Middleton's deposition under R.P.C. 1.9(a). The rule reads,

9

"[a] lawyer who has represented a client in a matter shall not thereafter represent another client in the same or a substantially related matter in which that client's interests are materially adverse to the interests of the former client unless the former client gives informed consent confirmed in writing." R.P.C. 1.9(a). The record is devoid of any indication that the Anderson Litigation and the Otero Matter are "the same or substantially related." To the contrary, the Anderson Litigation is a freedom of speech and freedom of association suit by employees of the police department, to which Middleton is not a party, but in which he voluntarily submitted an affidavit. The Otero Matter is an excessive force litigation brought by an arrestee accusing Middleton and the New Brunswick Police Department of wrongdoing. Middleton was dismissed with prejudice prior to the City settling the lawsuit in 2011. (Caputo and Milligan Opp'n Br. 5 (citing *Otero*, No. 10-4502, ECF No. 11).) Despite the opportunity for Middleton to clarify his position regarding the similarities between these matters, Middleton failed to submit any legal argument as to these issues. Middleton also failed to explain how the interests of Middleton are adverse to the interests of the City Defendants in the Anderson Litigation, as Middleton is a non-party. In addition, Ms. O'Connor was not even involved in or aware of the Otero Matter and has certified to her non-involvement. (City Defs.' Opp'n Br. Ex. 1.) The Court, therefore, agrees with the Magistrate Judge that Middleton did not meet the heavy burden of establishing that disqualification is warranted under R.P.C. 1.9(a).[8]

---

[8] In Middleton's moving brief, he also argues that a protective order is necessary to guard against improper questions and it would be unfair if the deposition is used in the Middleton State Court Action. (Middleton Moving Br. 2.) To alleviate these concerns, Judge Bongiovanni ordered that the deposition testimony would initially be marked attorneys' eyes only and she would be available during the deposition if there were concerns over inappropriate questions. (Tr. of May 12, 2017 Proceedings 37:17-23.) Middleton's appeal papers fail to address how these protections are insufficient and the Court affirms the Magistrate Judge's decision on this issue.

### 2. Review of the Otero File

Middleton's desire to review the Otero file is repeatedly raised by Middleton below and in his appeal submission. Middleton did not, however, submit any compelling argument that review of the Otero file is necessary for Middleton to completely analyze the disqualification issue or even to be deposed in connection with the Anderson Litigation. When required to brief the necessity of the Otero file production in connection with the Anderson Litigation, Middleton failed to make a submission to the Court. Middleton simply asserts that he believes that the Otero file is relevant evidence in the Middleton State Court Action (Middleton Cert. ¶¶ 3-22) and argues that he has a right to review the contents of the Otero file. (Burke Appeal Cert., ¶¶ 4, 8, 9, 17; Burke Reply Cert. ¶ 10, ECF No. 112-1 ("[t]his appeal . . . is not addressed to whether or not Mr. Middleton should be deposed, but under what conditions and whether or not the Hoagland Longo law firm has a right to continue to ignore Mr. Middleton's requests for a copy of his file.").) This, however, is the improper forum for these arguments. If Middleton desires to obtain the file as relevant to his pending State Court Action, then he must do so through the state court discovery process. Middleton's attempt to use his deposition in the Anderson Litigation as a vehicle to secure the Otero file is inappropriate. Middleton has not established that he needs to review the Otero file for purposes of a disqualification analysis or for any reason related to his deposition in the Anderson Litigation.

### 3. Inadequate Notice

Finally, to the extent Middleton believes the issue of inadequate notice is before this Court on appeal,[9] the Court agrees with Judge Bongiovanni's analysis and finds that her decision was

---

[9] The original appeal papers do not contain an argument regarding inadequate notice, but in the Reply Certification, Middleton's attorney asserts that "[t]he lack of notice provided to Mr.

11

not clearly erroneous or contrary to law. (*See* June 2, 2017 Letter Order 2-3; Tr. of May 12, 2017 Proceedings 6:1-19, 10:14-11:12, 13:15-25.) Middleton should have known that he may be deposed when he voluntarily submitted an affidavit in August 2016. He had actual notice that Defendants sought his deposition in February 2017. The fact that he only had a week's notice of his deposition date does not constitute inadequate notice.

Accordingly, for the reasons stated above, and other good cause shown,

**IT IS**, on this 4th day of October, 2017, **ORDERED** that Plaintiff's appeal of the June 2, 2017 Order (ECF No. 96) is DENIED.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

Middleton and this office . . . presented an undue burden on Mr. Middleton." (Burke Reply Cert. ¶ 22.)